# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

**JAMES C. PAFFORD**                                                   **APPELLANT**

V.                          **CASE NO. 23-1866**

**DEXTER PAYNE, Director,**
**Arkansas Division of Correction**                           **APPELLEE**

## RESPONSE TO APPLICATION FOR A
## CERTIFICATE OF APPEALABILITY

I.      Facts and Procedural History

A jury found Appellant James Pafford guilty of two counts of rape and two counts of sexual assault in the second degree. *Pafford v. State*, 2017 Ark. App. 700, at 1, 537 S.W.3d 302, 305 (*Pafford I*) (affirming direct appeal on December 13, 2017).[1] The Arkansas Court of Appeals affirmed the denial of postconviction relief on April 3, 2019. *Pafford v. State*, 2019 Ark. App. 195, at 1, 574 S.W.3d 735, 736 (*Pafford II*).[2] On November 14, 2019, Pafford filed a petition for writ of

---

[1] On direct appeal, Pafford argued four points: (1) jury misconduct; (2) the trial court erred by allowing expert testimony concerning the truthfulness of the victim's statements; (3) the trial court erred by allowing the photo of Pafford's penis into evidence; and (4) the trial court erred by not granting his motion for new trial based on his ineffective-assistance-of-counsel claims. *See generally Pafford I*.

[2] Pafford's sole claim in his postconviction appeal was that the circuit court erred by denying him an evidentiary hearing based on his claim that counsel was ineffective for failing to object and move to quash the jury when members of his family were excluded from the courtroom during voir dire upon his counsel's instruction. *Pafford II*, 2019 Ark. App. 195, at 1, 5, 574 S.W.3d at 736, 738.

habeas corpus in which he raised 13 claims—10 claims of ineffective assistance of trial counsel, one claim of ineffective assistance of appellate counsel, one claim of ineffective assistance of postconviction counsel, and one claim that Arkansas's post-conviction scheme violated the Due Process Clause of the Fourteenth Amendment. *See generally* DN 1, at 1-48.[3]

On July 23, 2020, the Magistrate Judge entered his report and recommendations in which he concluded that the petition should be denied in its entirety, that an evidentiary hearing was not required, and that no certificate of appealability should be issued. *See generally* DN 15. On August 6, 2020, Pafford filed objections in which he alleged five general errors and twelve specific errors in the Magistrate Judge's recommendations. *See generally* DN 16. On January 13, 2022, Pafford filed a supplemental brief, asserting two new claims. DN 20. On February 6, 2013, he filed a motion for oral argument. DN 23.

On March 31, 2023, the District Court entered an order adopting the Magistrate Judge's recommendations in full and denied Pafford's motion for oral argument. *See generally* DN 26 (adopting DN 15). Relevant here, the District Court found Pafford's Due Process claim that his Fourteenth Amendment right to Due Process was violated by Arkansas's postconviction criminal procedures (Ark.

---

[3]All citations to "DN" herein are references to the district court case—Western District of Arkansas Case No. 4:19-cv-04142-SOH-BAB—document number.

Appellate Case: 23-1866    Page: 2    Date Filed: 05/05/2023 Entry ID: 5273478

R. Crim. P. 37.1-37.5) was not raised in state court and, therefore, was procedurally defaulted. DN 26, at 19. Further, the Court determined that Pafford "made no attempt to show either cause and prejudice or a fundamental miscarriage of justice that would permit the Court to consider the claim." *Id*.

II.   Argument

In his current application, Pafford requests a certificate of appealability. ("Application"). His application consists of two points: (1) a claim that Arkansas's postconviction procedures—namely the 10-page limit of Ark. R. Crim. P. 37.1(b)—deprive defendants of the right to Due Process under the Fourteenth Amendment;[4] and (2) an intertwined argument that the District Court erred by not granting him a hearing to develop his ineffective-assistance claims that were not raised in state court. Application, at 1-2. For the reasons given below, the Court should deny a COA because the procedural default of his claim is clear, and because reasonable jurists would not debate that his claim has no substantive merit.

---

[4] To the extent Pafford is attempting to argue that the District Court's findings as to each of the 13 claims was erroneous or applied an improper standard, he is wrong. The District Court correctly determined the claims that were not presented and decided in state court were procedurally defaulted. DN 26, at 5-16, 18-19. As to the defaulted ineffective-assistance-of-trial-counsel claims, the District Court applied the narrow exception set forth in *Martinez v. Ryan*, 566 U.S. 1 (2012), and determined that the claims were not substantial. DN 26, at 5-16. As to the claims that were subjected to one full round of review in state court, they were entitled to entitled to 28 U.S.C. § 2254(d) deference. DN 26, at 16-18. No reasonable jurists could disagree with the District Court's application of these standards under this Court's precedent or that Pafford's claims had no merit.

3

*See Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (COA standard for claim dismissed on procedural grounds).

   A. Standards

A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To satisfy this standard, a petitioner must show "that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). When a claim is procedurally defaulted, the petitioner must show both that the procedural default is not clear and that the substantive constitutional claims are debatable. *Khaimov*, 297 F.3d at 786.

"[N]o COA should issue wh[en] the claim is foreclosed by binding circuit precedent because reasonable jurists will follow controlling law[.]" *Hamilton v. Sec'y, Fla.. Dep't of Corr.*, 793 F.3d 1261, 1266 (11th Cir. 2015), *cert. denied sub nom. Hamilton v. Jones*, 578 U.S. 926 (2016) (quotations omitted). Controlling authority "ends any debate among reasonable jurists about the correctness of the district court's decision[.]" *Id.* at 1266; *see also United States v. Manzanares*, 956 F.3d 1220, 1227 (10th Cir. 2020), *cert. denied*, 141 S. Ct. 1396 (2021).

B. Relief Should Be Denied

1. Due Process

Pafford argues that Arkansas postconviction procedures pursuant to Ark. R. Crim. P. 37.1-37.5 are unconstitutional in that they deprive defendants of Due Process under the Fourteenth Amendment. Application, at 3; *see also* DN 1, at 32-46. The District Court determined that this claim was procedurally defaulted because it was not raised in state court. DN 26, at 19. The District Court's decision was correct. *See Kennedy v. Delo*, 959 F.2d 112, 115 (8th Cir. 1992). Pafford has failed his burden to demonstrate that the procedural default is not clear. *Khaimov*, 297 F.3d at 786.

Pafford's argues that the narrow exception to procedural default set forth in *Martinez v. Ryan*, 566 U.S. 1 (2012) and *Trevino v. Thaler*, 569 U.S. 413 (2013), should apply to excuse the procedural default of his Due Process claim and that the District Court erred by applying the standards set forth in *Coleman v. Thompson*, 501 U.S. 722 (1991). Application, at 11-12. Pafford has misread the fundamental holding of *Martinez*, and by extension, *Trevino*.

In *Martinez*, the Supreme Court recognized the general rule set down in *Coleman,* that an attorney's negligence in state post-conviction review does not amount to cause for a later default in federal habeas. *Martinez* only crafted a "narrow exception" to this rule, holding that where, under state law, claims of

5

ineffective assistance of counsel must be raised in an initial review collateral proceeding, a procedural default may not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial review collateral proceeding, the state court did not appoint counsel for a claim of ineffective assistance of counsel, or where appointed counsel was ineffective as to the claim. *Id.*, 566 U.S. at 13-14. "To overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.*, 566 U.S. at 14. Importantly, *Martinez* created a limited exception to *Coleman*, and only serves to excuse ineffective-assistance-of-trial-counsel claims. *Martinez*, 566 U.S. at 17; *see also Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014) (emphasizing *Martinez*'s focus was only as to claims on ineffective assistance of trial counsel).

Pafford's Due Process claim is not premised on an assertion of ineffective assistance of trial counsel. Based on binding circuit precedent, a reasonable jurist cannot debate that Pafford procedurally defaulted his Due Process claim because he failed to raise it in state court or that the narrow cause created by *Martinez* cannot serve to excuse that default.

Appellate Case: 23-1866     Page: 6     Date Filed: 05/05/2023 Entry ID: 5273478

Further, the substantive constitutional claim is not debatable.[5] His claim is not cognizable because a prisoner does not enjoy a constitutional right to state postconviction proceedings. *E.g.*, *Coleman*, 501 U.S. at 752. Pafford, accordingly, is not entitled to a COA on this claim.

2. Hearing

Pafford argues that he was entitled to an evidentiary hearing to permit him to put on evidence of his ineffective-assistance claims, present counsel's ineffectiveness as a basis to excuse defaults, and dispute the "historical facts." Application, at 18 (citing to *Brown v. Lockhart*, 781 F.2d 654, 656 (8th Cir. 1986)). A reasonable jurist cannot debate that Pafford was not entitled to a hearing.

---

[5] It is also worth noting that the gravamen of Pafford's Due Process claim—that the formatting requirements of Ark. R. Crim. P. 37.1(b) are "literally impossible" to meet, *see* Application, at 15—is grossly misleading because the state court addressed his underlying ineffective-assistance claim on the merits despite his failure to comply with the rule. *Pafford II*, 2019 Ark. App. 195, at 4, 574 S.W.3d at 738; DN 7-16, at 18-21 (order denying relief on the merits). Pafford's professed "literal[] imposib[ility]" to comply with Rule 37.1's 10-page limit is ironic given that he managed to present a complete Rule 37 petition in just five pages. DN 7-16, at 4-8. Nevertheless, if Pafford had needed more than 10 pages to set forth his claims, he could have filed a motion for an overlength petition. *See Hill v. Norris*, 96 F.3d 1085, 1088 (8th Cir. 1996) (recognizing a 10-page limit is a reasonable restriction on postconviction relief). Further, following Pafford's conviction, he retained new counsel and filed a motion for a new trial, on which there is no page limitation. He was able to allege multiple ineffective-assistance-of-counsel claims in trial court and make them part of the direct appeal process. *Pafford I*, 2017 Ark. App. 700, a 13, 537 S.W.3d at 310.

7

A hearing does not lie for the purpose of pleading claims in federal habeas. As Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts makes clear, a habeas petition itself must, among other things, "specify all the grounds for relief available to the petitioner[]" and "state the facts supporting each ground[.]" Habeas Rule 2(c)(1)&(2). Further, an evidentiary hearing may not be held on the merits of the claims that Pafford failed to make a diligent effort to develop in state court. 28 U.S.C. § 2254(e)(2). If a petitioner has "failed to develop the factual basis of a claim in State court proceedings," a federal court "shall not hold an evidentiary hearing on the claim" unless the claim relies on a new rule of constitutional law or on "a factual predicate that could not have been previously discovered through the exercise of due diligence" and the facts would "establish by clear and convincing evidence" the petitioner's actual innocence. § 2254(e)(2)(A), (B).

In *Shinn v. Ramirez*, 142 S.Ct. 1718 (2022), the United States Supreme Court curtailed expansive factfinding in federal courts. Section 2254(e)(2)'s prohibition on evidentiary hearings, the court emphasized, applies to all factfinding where a prisoner failed to develop the facts in state court, not just substantive factfinding on the merits of a claim. *Shinn*, 142 S.Ct. at 1735 (eliminating cause-and-prejudice hearings under *Martinez* unless the petitioner can comply with § 2254(e)(2)). *Shinn* rejects the idea that "because § 2254(e)(2) bars only 'an

evidentiary hearing on the claim,' a federal court may hold an evidentiary hearing to determine whether there is [*Martinez*] cause and prejudice," finding that because "holding a *Martinez* hearing when the prisoner cannot 'satisfy [AEDPA's] demanding standards' in § 2254(e)(2) would 'prolong federal habeas proceedings with no purpose[,] . . . a *Martinez* hearing is improper if the newly developed evidence never would 'entitle [the prisoner] to federal habeas relief.'" *Shinn*, 142 S.Ct. at 1739 (cleaned up).

None of Pafford's claims satisfied this test, as they relied on neither a new rule of constitutional law nor a factual predicate that could not have been discovered previously through the exercise of due diligence. 28 U.S.C. § 2254(e)(2)(A). In district court, Pafford failed to demonstrate a sufficient basis for excusing the default of his claims, much less one that would require an evidentiary hearing. Pafford is not entitled to a COA on this claim.

III. Conclusion

Pafford's application fails to meet his burden to demonstrate entitlement to a COA. The procedural default of his constitutional claim is undisputed. And he has not shown that reasonable jurists could debate whether he has presented cause and prejudice or actual innocence to excuse his defaults. Finally, he has not even attempted to show that reasonable jurists could debate his substantive constitutional claims. Therefore, this Court should deny his application for a COA.

Respectfully submitted,

TIM GRIFFIN
Attorney General

By: ADAM JACKSON
Arkansas Bar No. 2013176
Assistant Attorney General
323 Center Street, Suite 200
Little Rock, Arkansas 72201
(501) 682-1785 [phone]
(501) 682-2083 [fax]
adam.jackson@arkansasag.gov

**ATTORNEYS FOR RESPONDENT**

## CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(g), I certify that that this document contains 2,199 words of text, excluding the parts of the document exempted by Fed. R. App. P. 32(f), and is therefore in compliance with the type-volume limitation specified in Fed. R. App. P. 27(d)(2)(A).

/s/Adam Jackson
Adam Jackson